*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-230

JANUARY TERM, 2012

| | |
|---|---|
| Kit (Farrand) Slayton/OCS | APPEALED FROM: |
| | |
| | Superior Court, Lamoille Unit, |
| v. | Family Division |
| | |
| | |
| Jeffrey Hill | DOCKET NO. 154-10-04 Ledm |
| | |
| | Trial Judge: Dennis R. Pearson |

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from a judgment of the Superior Court, Family Division, holding him in contempt for nonpayment of child support and ordering that his arrears payments be withheld from his monthly disability benefit.  Father claims in essence that the court erred in finding that he had the ability to pay the amount in question.  We affirm.

Father's payment of his child support obligation has been the subject of numerous post-judgment motions since the original parentage order in 2005.  In February 2010, in response to father's motion to modify, the court reduced his monthly support payment from $306 to $225, which was deducted from his monthly disability benefit, and imposed a direct payment to the Office of Child Support (OCS) of $30 per week, or $130 per month, toward a substantial arrearage.

In February 2011, OCS filed a motion for contempt based on father's failure to make the required arrears payments.  The court held a hearing on the motion, entered findings from the bench, and issued a written order in March 2011, finding that father had the ability to pay the $130 per month toward the arrears and ordering that the payment be withheld from father's disability benefit.  The court denied a subsequent motion to reconsider.  This appeal followed.

"In a contempt order for nonpayment the moving party must show that the obligor violated the court's child support order.  Inability to comply with the order is a defense, but the obligor has the burden to establish facts necessary to justify failure to comply."  Attig v. Attig, 2004 VT 80, ¶ 26 (citations omitted).  Father's noncompliance with the order requiring payment toward the arrears was undisputed.  To start, father testified that he rents an apartment for himself, another daughter (not the child who was the subject of the support order) and his girlfriend, who contributes nothing to household expenses. As for his ability to pay, he testified that he was unemployed and received disability income of $521 per month after the withholding of child support, that the child living with him received a disability survivor's benefit of $574 per month, that he received $245 in monthly food stamp benefits, and that, until recently, he received public assistance benefits through the Reach Up program of several hundred dollars per month. Father acknowledged that he continued to smoke cigarettes.  Father testified to a monthly

housing cost of $650, and explained that he met his expenses only by routinely borrowing from his mother and other relatives. For example, he testified about borrowing money to pay for automobile insurance, $320 annually, and gasoline.

In its findings and order, the court found that defendant's claimed inability to pay the arrears was not credible and that he was in willful contempt of prior court ordered arrears payments. The court reasoned that the benefits received by father from government programs and the money he borrowed could be used to contribute toward the arrears payments. Accordingly, it ordered that the $130 per month father had previously been ordered to pay OCS directly toward his arrearages be withheld from father's disability benefit.

Father, pro se (assisted by his mother), complains on appeal that mother's resources exceed his, and that his support obligation is unfair and impractical. The underlying arrearage order is not under appeal, however, and our review is limited to the court's decision about the State's complaint that father failed to pay as ordered. "If supported by any credible evidence, the trial court's findings will not be disturbed, and the credibility assigned to witnesses and the weight accorded the evidence are left to the trial court's discretion." Knutsen v. Cegalis, 2011 VT 128, ¶ 13 (mem.) (citation omitted). Although father claimed that his expenses exceeded his income, the court found that he lacked credibility in asserting an inability to make the arrears payment and concluded that he could use some of the money he was using to pay for his and his girlfriend's ordinary expenses to meet his $30 weekly arrearage obligation. In light of these findings, we find no clear error in the court's finding and conclusion, and therefore no basis to disturb the judgment. Id. Father remains free, of course, to file a motion to modify the existing support order.[*]

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

---

[*] At oral argument, father's representative indicated that father had filed a motion to modify the order giving rise to this enforcement action. In reviewing the file, however, we found no record of such a motion. We express no opinion about whether father is entitled to modification of the underlying order.

2